## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **CHASE ANDREW CHRISTOPHER SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | **Jury Demand** |
| **v.** ) | |
| ) | **No. _____** |
| **CORECIVIC, INC., d/b/a TROUSDALE** ) | |
| **TURNER CORRECTIONAL FACILITY,** ) | |
| **And SGT. CORTNEY Q. CRAWFORD, in** ) | |
| **her individual capacity,** ) | |
| ) | |
| **Defendants.** ) | |

# COMPLAINT

## I.   INTRODUCTION

This is an action brought by the Plaintiff Chase Andrew Christopher Smith ("Plaintiff Smith") against the Defendants under the Civil Rights Act of 1871, codified at 42 U.S.C. §§ 1983 (hereafter "Section 1983"), 1988, and Tennessee common law in order to remedy the Defendants' actions in causing Plaintiff Smith to be deprived of his constitutional rights under color of law secured by the Eighth and Fourteenth Amendments of the United States Constitution. The action brought the Plaintiff Smith is narrowly tailored so as to address the issues of deliberate indifference and reckless conduct of the Defendants which caused severe physical and emotional harm to Plaintiff Smith as a result of a violent assault by another inmate at the Trousdale Turner Correctional Facility ("TTCF"). The attack was the result of institutional failures which, upon information and belief, are systemic within the CoreCivic facilities across the United States, and particularly at TTCF. Upon information and belief, a pattern of deliberate indifference resulted from chronic staffing shortages at all CoreCivic facilities, including TTCF, which caused or contributed to the violent inmate attack on Plaintiff Smith.

## II.   JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) since the claims arise as a result of violations of certain federal civil rights, including Section 1983 and Section 1988. The Court also has supplemental jurisdiction over certain state law claims pursuant to 28 U.S.C. § 1367(a) in that the federal claims substantially predominate over state law claims and the claims are so related that they form part of the same case or controversy.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), (b) and (c) since the allegations which give rise to the cause of action occurred in the Middle District of Tennessee.

### III.   PARTIES

3.      Plaintiff Chase Andrew Christopher Smith ("Plaintiff Smith ") is an adult citizen and resident of the State of Tennessee. Plaintiff Smith is presently housed as an inmate at TTCF.

4.      Defendant CoreCivic, previously incorporated and known as Corrections Corporation of America, (hereinafter "CoreCivic"), is a private Real Estate Investment Trust which owns and operates a number of correctional facilities around the United States, including TTCF in Hartsville, Tennessee. CoreCivic performs a public function traditionally reserved for the state and therefore is subject to suit under Section 1983.

5.      Defendant CoreCivic is a corporation incorporated in the state of Maryland. Its principal place of business in the state of Tennessee is 5501 Virginia Way, Brentwood, Tennessee 37027-7680. CoreCivic can be served through its registered agent for service of process, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

6.      Defendant Cortney Q. Crawford (hereinafter "Defendant Crawford") is a citizen and resident of Sumner County, Tennessee, and at all times material to this action, was employed by CoreCivic and worked at TTCF as a Unit Sergeant. Defendant Crawford is now a Unit Manager at CoreCivic. At all times relevant, Defendant Crawford was acting under color of law. Defendant Crawford is sued in her individual capacity. Defendant Crawford can be served with process at Trousdale-Turner Correctional Facility, 140 Macon Way, Hartsville, Tennessee 37074.

# IV. STATEMENT OF FACTS

7.     On or about February 2, 2023, Plaintiff Smith was violently and viciously attacked by his cellmate, Branden McAlister, while in their TTCF cell located in Pod Echo Alpha, Cell No. EA 212.

8.     Prior to February 2, 2023, Plaintiff Smith and McAlister had been cellmates for approximately two and one-one months beginning in November 2022.

9.     Prior to February 2, 2023, Plaintiff Smith was physically assaulted by McAlister on approximately four (4) other occasions.

10.     In or about December 2022, the first assault by McAlister occurred where he physically beat Plaintiff Smith, which caused physical injuries to his body that were visible at the time. McAlister told Plaintiff Smith that if he told anyone about the physical assault, he would cause further and additional bodily harm, including death. McAlister also threatened violence against Plaintiff Smith's family.

11.     Plaintiff Smith was assaulted by McAlister on two other occasions, and each assault appeared to intensify in terms of the degree of the assault and viciousness of the attack.

12.     In or about the middle of January 2023, McAlister again assaulted Plaintiff Smith in their cell, which left visible injuries to Plaintiff Smith's face and head.

13.     Defendant Crawford, who was in the TTCF unit handing out Christmas presents, saw the physical injuries which included bleeding and bruises to Plaintiff Smith's head and face. Defendant Crawford, instead of asking questions and inquiring of Plaintiff Smith about the nature and circumstances of his injuries, attempting to render medical aid, or contacting medical staff to advise them of the injuries visible on Plaintiff Smith, Crawford simply did nothing and continued to pass out Christmas gifts to the inmates as if nothing was wrong.

14.     At all relevant times, Defendant Crawford failed or refused to alert the medical staff at TTCF of the physical injuries she observed on Plaintiff Smith.

15. The next assault by McAlister against Plaintiff Smith occurred on February 2, 2023 while in their cell.

16. During the assault on February 2, 2023, Plaintiff Smith was violently assaulted by McAlister, which included four stab wounds, a broken sternum, ten fractured ribs, four spinal fractures, and a broken jaw.

17. In addition to the physical assault by McAlister on February 2, 2023, Plaintiff Smith was sexually assaulted by McAlister, which included being raped and sodomized.

18. Plaintiff Smith laid on the bed in his cell for approximately three days until February 5, 2023 suffering from his injuries until he was able to leave the cell without alerting McAlister, and then was able to summon for help with a correctional officer who escorted him to the medical unit. The failure of one or more unknown correctional officers to properly perform periodic cell checks on Plaintiff Smith caused him to suffer additional pain and suffering because of the nature of his injuries.

19. Plaintiff Smith was initially taken by van to a local hospital, and then transferred by ambulance to Vanderbilt University Medical Center ("VUMC") where he spent approximately five days in the hospital recovering from the attack by McAlister. While at VUMC, Plaintiff Smith had surgery to repair a broken jaw, and was required to wear "brackets" in his mouth to help stabilize the jaw injury. Plaintiff Smith also received numerous stitches to treat the stab wounds and cuts.

20. When Plaintiff Smith was returned to TTCF after being released from VUMC, he was taken to the medical pod for further observation and treatment.

21. While in the medical pod, Plaintiff Smith spoke with a nurse, Ms. Dozier, who told Plaintiff Smith that no correctional officer or other staff member at TTCF had ever informed the medical staff of any of the prior assaults or visible injuries to his body, including Defendant Crawford.

22. After the assault, Plaintiff Smith spoke to Defendant Crawford who told Plaintiff Smith that she informed the medical staff about the injuries she observed while delivering Christmas packages; Plaintiff Smith knew the statement was false based on what he had been told by Ms. Dozier.

23.     Upon information and belief, Brandon McAlister had a history of violent assaults prior to his confinement TTCF and during his imprisonment at TTCCF which put the Defendants on notice as to his propensity for violence, and that he should not have been placed in the cell with Plaintiff Smith.

24.     If Defendant Crawford had notified the medical staff of Plaintiff Smith's injuries that she observed while delivering Christmas packages to the inmates, Plaintiff Smith would have in all likelihood been removed from the cell with McAlister and not have been in the same cell with him on February 2, 2023, and thus avoided the vicious assault by McAlister.

25.     Upon information and belief, TTCF was not properly staffed with the approved number of correctional officers and/or unit managers for a facility of its size and the number of inmates, so that TTCF, because it was short-staffed, was not able to effectively manage the inmate population according to TDOC regulations, making inmate on inmate assaults more common and harder to prevent. This understaffing also caused a failure to properly perform cell checks between February 2, 2023 and February 5, 2023 after Plaintiff Smith had been assaulted by McAlister.

26.     The actions and/or inactions of the Defendants caused Plaintiff Smith to be subjected to the vicious and violent attack by McAlister on February 2, 2023, where he suffered severe physical injuries, pain and suffering, fear, humiliation, anxiety, and emotional distress as a result of the failure of the Defendants to protect Plaintiff Smith under the Eighth and Fourteenth Amendments to the United States Constitution.

## V.   CAUSES OF ACTION

### Count One – Violation of 42 U.S.C. § 1983 (Against Defendant CoreCivic)

27.     Plaintiff Smith incorporates each of the above paragraphs as if fully set forth herein.

28.     As alleged above, Defendant CoreCivic, acting under color of state law and with deliberate indifference, violated the rights of Plaintiff Smith secured by the Eighth and Fourteenth Amendments to the United States Constitution.

29.     At all relevant times to this Complaint, Defendant CoreCivic acted under color of state law, performed government functions, was entwined in a symbiotic relationship with the Tennessee Department of Corrections, and was otherwise engaged in state action.

30.     Defendant CoreCivic acted with deliberate indifference, directly participated in and proximately caused the above-described constitutional rights violations of Plaintiff Smith by establishing policies or well-established customs that directly or proximately caused the deprivation of Plaintiff's rights, including but not limited to the deliberate and systematic understaffing of TTCF, the deliberate and/or reckless disregard and failure to implement the security measures and reporting requirements directed by TDOC, and/or the deliberate and systematic failure to implement policies and procedures designed to curtail known problems of violence among inmates at TTCF.

31.     The systematic failure of Defendant CoreCivic for implementing the above policies and procedures proximately caused the violent attack by McAlister against Plaintiff Smith primarily due to being understaffed at the facility. It also caused Plaintiff Smith additional pain and suffering for approximately three days after the February 2, 2023 assault.

32.     In the alternative, Defendant CoreCivic, acting with deliberate indifference, failed to properly train and/or supervise its correctional staff, including but not limited to Defendant Crawford, as to responsibilities for reporting observations of apparent inmate on inmate assaults to ensure that all inmates are provided a safe environment, as well as proper cell checks on inmates, consistent with due process under the Eighth and Fourteenth Amendments to the United States Constitution.

### Count Two – Violation of 42 U.S.C. § 1983 (Against Defendant Crawford)

33.     Plaintiff Smith incorporates each of the above paragraphs as if fully set forth herein.

34.     At all times relevant to this Complaint, Defendant Crawford acted under color of state law and within the scope of her employment with Defendant CoreCivic at TTCF.

35.     Defendant Crawford acted with deliberate indifference and/or reckless conduct when she deliberately failed to report to the medical staff or other appropriate prison officials the visible injuries,

she observed on Plaintiff Smith while delivering Christmas gifts to the inmates, and then falsely telling Plaintiff Smith that she had informed the medical staff when she had not done so.

36.     Defendant Crawford knew or should have known that Plaintiff Smith was housed with a violent gang member, Brandon McAlister, who had committed violent assaults in the past, and that it was more likely than not that Plaintiff Smith had been assaulted by McAlister.

37.     Defendant Crawford's deliberate indifference to the established constitutional rights of Plaintiff Smith was a proximate cause of the injuries and damages suffered by Mr. Smith when he was violated attacked and raped in his cell by McAlister.

38.     As a result of the deliberate indifference by Defendant Crawford, Plaintiff Smith suffered severe personal injuries, pain and suffering, fear, anxiety, loss of enjoyment of life, and emotional distress to which Plaintiff Smith is entitled to compensatory damages under 42 U.S.C. § 1983.

### Count Three – Negligence & Negligence *Per Se* Against the Defendant CoreCivic

39.     Plaintiff Smith incorporates each of the above paragraphs as if fully set forth herein.

40.     Defendant CoreCivic owed a duty of care to inmates in its custody at TCCF under Tennessee law.

41.     T.C.A. § 41-1-104(b) establishes a statutory scheme for the maintenance of policies and procedures, and places the obligation upon the institutional warden. The statute reads in part: "The custody, welfare, conduct, and safekeeping of the inmates shall be the responsibility of the warden, who will examine into the affairs of the institution daily to assure that proper standards are maintained."

42.     TDOC Policy 506.14(VI) (E) & (F) reads as follows: "Each Warden shall promulgate the necessary institutional policy and procedures governing housing arrangements for inmates in accordance with this policy and incorporating Tier Management Supervision for his/her facility."

43.     At all times relevant to this action, Marten Frink was serving as Warden at TCCF and acting within the scope of his employment as an employee and/or agent of Defendant CoreCivic.

44.     Based on principles of *respondeat superior* and/or principal agent, Defendant CoreCivic is responsible for the negligent conduct of Mr. Frink acting as Warden at TCCF.

45.     As alleged in this Complaint, Defendant CoreCivic maintained a practice of understaffing that amounted to a policy or custom, which was implemented by and through the actions of Warden Frink, which was a breach of the standard of care, duty owed to the inmates, including Plaintiff Smith, which amounted to negligence or negligence *per se* that was a proximate cause of Mr. Smith's injuries and damages.

## VI.   CLAIMS OF DAMAGES

46.     Plaintiff Smith incorporates each of the above paragraphs as if fully set forth herein.

47.     As a direct and proximate result of one or more of the aforesaid violations of constitutional rights alleged herein against the Defendants CoreCivic and/or Crawford, Plaintiff Chase Smith suffered one or more of the following: severe physical injuries, pain and suffering, embarrassment, anxiety, emotional distress, loss of enjoyment of life, and other damages and expenses, for all of which the Defendants are liable for compensatory and punitive damages.

48.     As a direct and proximate result of one or more of the aforesaid acts of negligence alleged herein against Defendant CoreCivic, Plaintiff Smith suffered one or more of the following: severe physical injuries, pain and suffering, embarrassment, anxiety, emotional distress, loss of enjoyment of life, and other damages and expenses, for all of which Defendant CoreCivic is liable for compensatory damages.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Smith respectfully prays that this Court grant the following relief:

A.     Award Plaintiff Smith compensatory damages in an amount up to $1,000,000.00;

B.     Award Plaintiff Smith punitive damages against all Defendants in an amount to be determined by the jury;

C.     Award reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

D.         Award pre-judgment interest pursuant to Tenn. Code Ann. § 47-14-123;

E.         Empanel a jury on all issues triable by jury;

F.         Award Plaintiff Smith court costs in this action, including discretionary costs; and

G.         Grant Plaintiff Smith any additional relief this Court deems just, proper, and equitable.

**THE LAW OFFICE OF DAVID L. COOPER, PC**

*s/ David L. Cooper*

**DAVID L. COOPER, BPR # 11445**

Third Avenue North Building
208 Third Avenue, North, Suite 300
Nashville, TN 37201
(615) 256-1008
dcooper@cooperlawfirm.com

*Attorney for Plaintiff*